## Case No. 662.

### In re AUSTIN et al.

[16 N. B. R. (1878,) 518.]

District Court, E. D. Michigan.

BANKRUPTCY — INVOLUNTARY PROCEEDINGS — CONTEST OF ADJUDICATION — RIGHTS OF GENERAL CREDITORS.

[A general unsecured creditor has a right to intervene and contest an adjudication in bankruptcy.]

[In bankruptcy. Petition by the People's National Bank of Jackson, as a general creditor of the firm of Austin, Tomlinson & Webster,] for leave to intervene and contest the petition of a creditor of the firm for an adjudication in bankruptcy. Petition granted.

Mr. Wilson, for the intervening creditor.
Mr. Peck, contra.

BROWN, District Judge. It is now well settled that any creditor, whose interests are affected by an adjudication, has a right to intervene and contest all the allegations of the creditors' petition. The difficulty is to determine when the interests of the creditor are likely to be jeopardized by the proceeding. In every case in which leave to intervene has been granted, the creditor had an interest peculiar to himself, either by way of attachment, preference, or the institution of proceedings by him in another district. In re Boston, H. & E. R. Co., [Case No. 1,677;] In re Derby, [Id. 3,815;] In re Mendelsohn, [Id. 9,420;] In re Bergeron, [Id. 1,342;] In re Hatje, [Id. 6,215;] In re Jack, [Id. 7,119;] In re Williams, [Id. 17,706;] In re Stafford, [Id. 13,274.]

It has not yet been decided that a general unsecured creditor is entitled to be heard, but I think it follows logically from the reasoning in the cases above cited. He certainly has an interest in knowing whether the proper number and amount of creditors have joined in the petition, for if the debtor voluntarily becomes bankrupt, he could not obtain his discharge without the assent of one-quarter in number and one-third in value of his creditors. Precisely the same proportion being necessary to put a debtor into bankruptcy, the inference naturally follows that the petitioning creditors are regarded by the act as assenting to the discharge, in like manner as if they had expressly signified their assent in a voluntary case, provided the bankrupt has been guilty of no fraud or misconduct. In re Scull, [Case No. 12,568;] In re Wilson, [Id. 17,784;] In re Duncan, [Id. 4,131.] It thus becomes a matter of considerable importance to every creditor that the requisite number does in fact join. To this extent, also, the act itself seems to contemplate their being heard, by providing that if the allegation as to number and amount be denied, the court shall ascertain, "upon reasonable notice to the creditors," whether one-fourth in number and one-third in amount have petitioned that the debtor be adjudged bankrupt. If then they are entitled to notice, and may be heard upon a denial filed by a debtor, I see no reason why they may not intervene and be heard in their own behalf, even if the debtor interposes no objection. Clinton v. Mayo, [Case No. 2,899.] Though a general creditor may derive no special advantage to himself from defeating an adjudication upon the merits, as all will share alike in the general distribution of the assets, I think he has a substantial interest in the liberty of pursuing his common law remedy for the collection of his debt, which he loses by an adjudication. From the language of the petition in this case, "if not impeded by such proceedings, your petitioner will be able to collect its said claim in the courts of this state," I judge this to be the object of this proceeding. It is true the petitioner may thereby gain a preference over other creditors; but the bankrupt law does not frown upon preferences lawfully obtained, or interpose any obstacle in the way of a diligent creditor. If the court may lend its aid to protect liens already acquired, which would be held unlawful preferences if bankruptcy proceedings were successful (and it is upon this theory the above cases are decided), it is not easy to see why it should refuse to listen to a creditor who may anticipate hereafter the acquisition of such liens. The desire of a creditor to pursue his lawful remedy in the state court cannot be made the subject of censure or criticism here. Indeed, his right to do this is a substantial interest for which he may fairly claim protection. It is only when the connivance of a debtor contributes to a preference gained by legal proceedings that the law pronounces it a fraud.

While, as before observed, the view here taken finds no positive support in the authorities, there is no reported case holding that a general creditor may not be heard. In more than one the intimation is in this direction. Speaking of a creditor's petition, the late Judge Woodruff, whose eminent legal abilities entitle even his dicta to respectful consideration, observed, (6 N. B. R. 213), [In re Boston, H. & E. R. Co., Case No. 1,677:] "It is not a mere suit inter-partes, it rather partakes of the nature of a proceeding in rem, in which every actual creditor has a direct interest." In re Walker, [Id. 17,061,]

Judge Lowell, entertained a petition by an unsecured creditor, to vacate an adjudication for want of jurisdiction although no objection seems to have been taken to the creditor's right to be heard. In Fogarty v. Gerity, [Id. 4,895,] the learned judge for the district of California remarks: "But all other creditors are parties to and bound by the proceeding. If it be sustained, the ordinary remedies against the debtor will be suspended, the whole of his property will pass into the hands of an assignee, and they will be obliged to come into court to prove their debts, enforce their lien, adjust their accounts, and receive dividends, and the unsatisfied claims may be forever barred by the discharge of the bankrupt. They have, therefore, a clear right to be heard, and to resist the proceeding, on the ground that the court is without jurisdiction." Though the creditor in this case had a lien by attachment, the decision does not seem to have been placed on this ground. See, also, In re Mendelsohn, [Case No. 9,420.] Though the question is not free from doubt, I think a general creditor may make himself a party to this petition, and the prayer of the petitioner is therefore granted.